UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLY COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-0129-B |
| | § | |
| KINDRED HOSPITALS LIMITED | § | |
| PARTNERSHIP d/b/a KINDRED | § | |
| HOSPITAL FORT WORTH | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Transfer Venue (Doc. 10). For the reasons that

follow, the Court **DENIES** the motion.

I.

BACKGROUND[1]

Plaintiff Shelly Cochran ("Cochran") worked as the Director of Wound Care at Kindred

Hospital Fort Worth ("Kindred") from July 2001 through October 2015. Doc. 5, First Am. Comp.

¶¶ 13–14. According to Cochran, Kindred failed to pay her overtime in accordance with the Fair

Labor Standards Act (FLSA) for hours worked after leaving the hospital. *Id*. ¶¶ 16–19. Cochran

claims to have worked up to an additional fifty hours per week after leaving the hospital via cell

---

[1] The background facts are derived from Cochran's Amended Complaint (Doc. 5), the parties' court
papers, and corresponding attachments. Where there may be a dispute over a stated fact, the Court has so
indicated by identifying the fact as one stated by that party to be true.

phone communication with doctors, nurses, patients, and administrators. *Id.* ¶¶ 17–18, 22. In total, Cochran alleges she was not paid for 7,400 hours of overtime during the last three years of her employment, even though Kindred purportedly knew she was working more than forty hours per week. *Id.* ¶ 19, 22. According to Cochran, she performed most of this overtime work from her home in Grandview, Texas, which is located within the Dallas Division of the Northern District of Texas. Doc. 13, Pl.'s Resp. ¶ 19.

Cochran filed suit against Kindred in this Court on January 15, 2016, asserting a claim for unpaid overtime compensation and other relief under the FLSA, 29 U.S.C. § 201. Doc. 1, Compl.; Doc. 5, First Am. Compl. On April 22, 2016, Kindred moved to transfer the case to the Fort Worth Division of the Northern District, arguing that (1) the events giving rise to Cochran's claims occurred there, (2) all records are stored there, and (3) many key witnesses reside or work there. Doc. 10, Def.'s Mot. to Transfer Venue; Doc. 14, Pl.'s App. Cochran responded to Kindred's Motion, stating that the events giving rise to her claims occurred in the Dallas Division. Doc. 13, Pl.'s Resp. Kindred has now replied, Doc. 15, Def.'s Reply, making its Motion ripe for review.

## II.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division if (1) a plaintiff could have brought that action there originally, and (2) transfer would be for "the convenience of parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc); *Calloway v. Triad Fin. Corp.*, No. 07-CV-1292, 2007 WL 4548085, at *2 (N.D. Tex. Dec. 27, 2007).

A plaintiff could have brought an action in a district or division initially if, at the time she filed the action, (1) either she or the defendant resided in that district or division; and (2) both resided within the state. 28 U.S.C. § 1391(b)(1).

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. V. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). To determine whether a movant has shown good cause, courts examine a number of private and public interest factors. *In re Volkswagen*, 545 F.3d at 315 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re Volkswagen*, 545 F.3d at 315 (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id*. "[If] the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, No. 07-CV-1689, 2008 WL 4225556, at *2 (N.D. Tex. Sept. 15, 2008); *see also In re Volkswagen*, 545 F.3d at 315.

Public and private factors aside, a court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis v. City of Fort Worth*, No. 14-CV-1698, 2014 WL

2915881, at *2 (N.D. Tex. June 25, 2014). That weight depends on whether a plaintiff has filed suit within her home forum or outside of it. "A plaintiff's choice is normally entitled to deference, but when she files suit outside her home forum, the weight accorded to the choice is diminished." *Id.* at *2 (citing *Sivertson v. Clinton*, No. 11-CV-0836, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011) (internal citations omitted)).

## III.

## ANALYSIS

Kindred moves to transfer venue within the Northern District of Texas, from the Dallas Division to the Fort Worth Division. Neither party disputes that Cochran's primary place of employment was in Fort Worth, Texas; they disagree, however, as to whether the appropriate venue for this case is the hospital's Division (Fort Worth) or the Division where Cochran's home is located and most of the claimed overtime work occurred (Dallas). The parties do not dispute that suit could have been properly filed in either Division. *See* 28 U.S.C. § 1391(b). Thus, the Court moves to the multi-factor analysis explained above to determine if Kindred has shown good cause for why the action should be transferred. *See In re Volkswagen*, 545 F.3d at 312.

Kindred argues that the applicable factors necessitate transfer to Fort Worth because (1) Cochran complains about acts that occurred in the course of her employment in Fort Worth, (2) the evidence is stored in Fort Worth or accessible by employees working and living there, (3) witnesses reside in or are located in Fort Worth, and (4) Fort Worth has a localized interest in justice. Doc. 10, Def.'s Mot. to Transfer Venue 5–8. Kindred also contends that not all of the alleged unlawful practices occurred in Dallas and that none of the relevant employment records are maintained here. *Id.* at 5–6; Doc. 15, Def.'s Reply 4.

Cochran, on the other hand, argues that Dallas is the proper forum because (1) either Kindred's relevant employment records are kept online, or it is not a significant inconvenience to transport them to Dallas, (2) she performed the relevant overtime at her home within this Division, (3) both of Cochran's material witnesses reside in this Division,[2] and (4) Kindred's counsel is located in Dallas. Doc. 13, Pl.'s Resp. ¶¶ 6–7, 12–15, 19.

To determine whether the Defendant has shown good cause for venue transfer, the relevant private interest factors are the cost of attendance for willing witnesses, practical concerns, and access to sources of proof. The only relevant public interest factor is the local interest of the venue.

A.    *Private Interest Factors*

    1.    Cost of Attendance for Willing Witnesses

The convenience of non-party witnesses is often the most important factor in the transfer analysis. *Isbell v. DM Records, Inc.*, No. Civ.A.3:02-CV-1408, 2004 WL 1243153, at \*14 (N.D. Tex. June 4, 2004). A defendant seeking transfer "must specifically identify the key witnesses and outline the substance of their testimony." *N2 Consulting, LLC v. Engineered Fastener Co.*, No. 3:02-CV-0308, 2002 WL 31246770, at \*3 (N.D. Tex. Oct. 2, 2002) (internal quotations omitted) (quoting *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993)). Kindred states that it has "identified key non-party witnesses by their position, their location, and has provided descriptions of their proposed testimony." Doc. 15, Def.'s Reply 2–3. But it has not identified any particular witnesses who would be significantly inconvenienced by proceeding in the Dallas Division. *See*

---

[2] Cochran's material witnesses include her husband, Roy Cochran, and a nurse who worked with her at Kindred Hospital, Dani Hood. Both plan to testify about witnessing or placing after-hours overtime calls to Cochran. Doc. 13, Pl.'s Resp. ¶¶ 7–8.

*Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 38–39 (D. Me. 1996) (denying transfer motion where, *inter alia*, the defendant failed to present evidence that a transfer "would appreciably expand the pool of potential witnesses"). Instead, Kindred simply refers to witnesses generically by job title ("former managers"), rather than identifying any specific individuals or their addresses. Doc. 15, Def.'s Reply 3. "To transfer venue for the purposes of convenience, however, the moving party must make more than a general allegation that certain key witnesses are necessary; the movant must specifically identify key witnesses and outline the substance of their testimony." *Aland v. Faison Assocs.*, No. Civ. A. 3-97-CV2482, 1998 WL 355468, at *4 (N.D. Tex. June 22, 1998). Here, Kindred fails to identify a single potential witness by name, nor does it describe, even in general terms, the substance of their testimony. It simply states that it plans to call "former managers," as stated above, and the former Human Resources and Benefits Coordinators,[3] who can "provide testimony regarding, 'personnel records, payroll registers, job descriptions, work schedules, personnel policies, and other records pertinent to Hospital employees.'" Doc. 15, Def.'s Reply 2–3. This is not enough to carry Kindred's burden. *See Magana v. Toyota Motor Corp.*, No. 3:10-CV-1451, 2010 WL 5108850, at *2 (N.D. Tex. Dec. 6, 2010). Cochran, on the other hand, has named two specific witnesses who both currently reside in the Dallas Division, Roy Cochran and Dani Hood, and specifically explained their expected testimony. *See* Doc. 13, Pl.'s Resp. ¶¶ 7–8.

Ultimately, the Court finds that Kindred's failure to specifically identify key witnesses and outline the substance of their testimony precludes the Court from being able to undertake a thorough evaluation of the propriety of transfer here. *See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757,

---

[3] Kindred has not provided these coordinator's names or current addresses.

776 (E.D. Tex. 2000). Even so, the burden of bringing witnesses from Fort Worth to Dallas is minimal. *See id.* (Finding a 150 mile distance to be "negligible"). Thus, this factor weighs against transfer.

2.    Practical Concerns that Make Trial of a Case Easy, Expeditious, and Inexpensive

Cochran argues that a plaintiff's choice of forum is generally given strong deference and should be the "primary" factor in a forum analysis. Doc. 13, Pl.'s Resp. ¶ 3. A court usually should not disturb a plaintiff's selection unless the balance of factors strongly favors the moving party. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). But the plaintiff's choice of forum is by no means conclusive. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994) ("[T]he plaintiff's choice of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non conveniens*."). Cochran cites *Mohamed* to support her position. Doc. 13, Pl's Resp. ¶ 10. While the *Mohamed* court noted that "the plaintiff's choice of forum never 'disappears' under *any* circumstances," it proceeded to characterize that choice as only one factor that "routinely falls under this Court's analysis with the other . . . private and public interest factors necessary for a proper Section 1404(a) analysis." 90 F. Supp. at 774. Accordingly, the Court gives some, but not determinative, weight to Cochran's choice of forum.

Cochran also points out practical problems of transfer: she has already served answers to the Court's interrogatories, settlement conferences have been scheduled, and there may be a delay in resolution by transferring the case to the Fort Worth Division. Doc. 13, Pl.'s Resp. ¶ 17. Kindred, on the other hand, relies on the present stay on discovery, which would minimize the inconvenience of any delay associated with transferring the case to Fort Worth. Doc. 15, Def.'s Reply 5. If anything,

because Cochran has already answered this Court's interrogatories (Doc. 12) and Kindred has

submitted a Verified Summary of Hours Worked by Plaintiff (Doc. 16), this factor also weighs slightly

against transfer.

        3.        Access to Sources of Proof

Kindred also argues for transfer because the evidence, files, personnel and payroll records, and

employees who can access its electronic records are all located in Fort Worth. Doc. 15, Def.'s Reply

2. Kindred has not explicitly argued, though, that it would be substantially more difficult to bring its

evidence to Dallas than to keep it in Fort Worth. Further, Kindred asserts that "only certain local

[Fort Worth] Hospital employees have access to such electronic records," and that accessing these

electronic documents is "**not** done as easily in locations in the Dallas Division." *Id.* (emphasis in

original) (internal quotations omitted). It may be more convenient for Kindred to transport its

evidence within Fort Worth, but it has not shown any hardship or disadvantage in bringing the

evidence to Dallas.[4] Overall, this factor weighs only slightly in favor of transfer, if at all.

B.    *Public Interest Factors*

        1.        Local Interest

Additionally, Kindred argues for transfer because it employed Cochran in Fort Worth. But

Cochran clearly alleges that her home and vehicle were the primary locations where the unpaid

overtime work took place. Doc. 14, Pl.'s App. 1–7. While the location of her employment is relevant,

it is not necessarily a dispositive consideration, as the place where the harm occurred does not always

---

[4] Cochran also points out that, because Kindred's counsel is located in Dallas, it will be easy to conduct depositions from their Dallas office. Doc. 13, Pl.'s Resp. ¶ 14. That may be true, but "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *Horseshoe*, 337 F.3d at 434.

coincide with the place where the facts of operative legal significance occurred. *See, e.g., Mohamed*, 90 F. Supp. 2d at 776–77 (finding that the location of accident giving rise to the case was not of controlling significance in transfer analysis); *Nobel Ins. Co. v. Acme Truck Line, Inc.*, No. CIV.A. 3:99CV-2950, 2000 WL 298908, at *3–4 (N.D. Tex. Mar. 21, 2000) (denying transfer to district where the accident underlying the claim occurred because the actions which led to the suit occurred in Dallas County). Cochran argues that because her home is located in Grandview, and most of the work was performed from her home, the Dallas Division has a stronger connection to the claims asserted. Doc. 13, Pl.'s Resp. ¶ 19.

Kindred has failed to demonstrate that the cause of action arises in Fort Worth, or that the overtime work for which Cochran demands pay occurred in Fort Worth. It points to Cochran's statement that she did some of the work from her car as weakening her argument in favor of venue in Dallas. Doc. 15, Def.'s Reply 4. But there is no evidence showing that she was in Fort Worth at the time of these calls. On balance, Dallas and Fort Worth have, at best, an equally strong local interest in the fair administration of this case, rendering this factor is neutral.

After considering all of the relevant factors and weighing each accordingly, the Court finds that they do not favor transfer to Fort Worth. Cochran's choice of forum is entitled to deference; moreover, she and her named witnesses reside in the Dallas Division, and the majority of her allegedly uncompensated overtime work occurred here. Conversely, Kindred will incur only a minimal inconvenience in bringing evidence and (mostly unspecified) witnesses to Dallas. In short, the Court finds that Kindred has not met its burden of showing that Fort Worth would be a more convenient and natural place for this action, or that the interest of justice dictates that this case be transferred there for adjudication.

IV.

CONCLUSION

Based on the foregoing, the court **DENIES** Kindred's Motion to Transfer Venue (Doc. 10).

**SO ORDERED.**

**SIGNED: July 20, 2016**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE